# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MICHAEL MARCHAK, JR.,

      Petitioner,      :      Case No. 2:22-cv-04001

  - vs -      District Judge Michael H. Watson
      Magistrate Judge Michael R. Merz

WARDEN, Richland Correctional
  Institution,

      :
      Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Michael Marchak, Jr., is before the Court for decision on the merits.  Relevant pleadings are the Petition (ECF No. 3), the State Court Record (ECF No. 7), the Return of Writ (ECF No. 8), and Petitioner's Traverse (ECF No. 13).  The Magistrate Judge reference in the case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 14).  Final decision of the case remains with District Judge Watson.

**Litigation History**

On August 27, 2019, the Morrow County grand jury indicted Petitioner on charges of aggravated vehicular assault (victim Ohio State Highway Patrol Trooper Phillips), in violation of Ohio

1

Rev. Code § 2903.08(A)(1)(a), a felony of the second degree because Petitioner was driving under suspension at the time of the offense (count one); aggravated vehicular assault (victim Kojo Tsiboe), a violation of Ohio Rev. Code § 2903.08(A)(1)(a), a felony of the second degree for the same reason as count one (count two); one count of receiving stolen property in violation of Ohio Rev. Code. § 2913.51 (count three), one count of operating a motor vehicle while under the influence of alcohol or a drug of abuse in violation of Ohio Revised Code § §4511.19(A)(1)(a)(count four);one count of operating a motor vehicle while under the influence of alcohol or a drug of abuse (methamphetamine), in violation of Ohio Revised Code §4511.19(A)(1)(a)(count five); one count of driving on a suspended license in violation of Ohio Rev. Code §4510.11(A)(count six), and one count of driving on a license suspended under the financial responsibility law in violation of Ohio Revised Code §4510.16(A)(count seven). (Indictment, State Court Record, ECF No. 7, Ex. 1).

In April, 2021, the State and Marchak reached a plea agreement in which Petitioner agreed to plead guilty to two counts of aggravated vehicular assault, as amended from a felony of the second degree to a felony of the third degree by eliminating the reference to the offense's having occurred while the Marchak was driving under suspension, one count of receiving stolen property, and one count of driving under suspension. The parties agreed to jointly recommend an aggregate prison term of eight years and the state agreed to dismiss Counts four, five, and seven (Plea Agreement, State Court Record, ECF No. 7, Ex. 3 and 4). The trial court sentenced Petitioner as recommended in the plea agreement, but he appealed. Appointed appellate counsel moved to withdraw under *Anders v. California,* 386 U.S. 738 (1967). Petitioner filed a supplemental brief *pro se* raising two claims of ineffective assistance of trial counsel. *Id.* at Ex. 11.

The Fifth District Court of Appeals affirmed the conviction. *State v. Marchak,* 2022-Ohio-2611 (5th Dist. Jul. 29, 2022). Petitioner appealed, but the Supreme Court of Ohio declined to exercise jurisdiction (Entry, State Court Record, ECF No. 7, Ex. 18).

On November 4, 2022, Marchak filed his Petition in this case, pleading the following Grounds for Relief:

> **Ground One**: Trial counsel's performance was deficient in violation of Marchak's Sixth Amendment right to the U.S. Constitution.
>
> **Supporting Facts:** Marchak's substantial due process rights were violated when he was denied effective assistance of trial counsel because trial counsel failed to properly advise him not [to] plead guilty to aggravated vehicular assault relating to the good samaritan, and failed to raise and argue the matter before the trial court, as an "attenuating chain of events severing causation, making the proper offense a third degree misdemeanor "negligent assault", in violation of his sixth amendment right to the U.S. Constitution.
>
> **Ground Two**: Trial counsel's performance was deficient in violation of Marchak's Fifth and Sixth Amendment right to the U.S. Constitution.
>
> **Supporting Facts:** Marchak's contends his trial counsel was ineffective in failing to raise the issue that the two counts of aggravated vehicular assault were allied offenses of similar import which should have merged for purposes of sentencing. Specifically, appellant contends he was fully incapacitated when the Good Samaritan stopped to assist the trooper and thus, appellant did not commit a separate act, and the offenses must merge because both were committed with the same conduct.
>
> **Ground Three**: Marchak's guilty plea to count 2, aggravated vehicular assault, was neither intelligent nor voluntary under *Alford v. North Carolina* because there was no factual basis to support a finding that he was operating his vehicle when the Good Samaritan was injured.
>
> **Supporting Facts:** Marchak argues that in Count Two- aggravated vehicular assault on Mr. Kojo Tsiboe", Mr. Tsiboe had full knowledge of an open and visible condition; he appreciated the dangers incident thereto and voluntarily acted by helping the injured victim, he assumed the risk of the attendant dangers.
>
> **Ground Four**: Marchak's plea of guilty on Count Two was not entered knowingly, willingly, and voluntarily in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

3

> **Supporting Facts**: When an injury occurred as a later result of the Appellant's negligence was separated from the immediate and "proximate cause", "intervening causation" mitigates the Appellant's criminal liability, and Due Process precludes conviction and sentence for "Aggravated Vehicular Assault", and requires a conviction and sentence for "negligent assault".

(Petition, ECF No. 3).

# Analysis

### Ground One:  Ineffective Assistance of Trial Counsel:  Intervening Cause

In his First Ground for Relief, Petitioner asserts his trial attorney provided ineffective assistance of trial counsel when advising him to plead guilty to the charge of aggravated vehicular assault as a third degree felony with respect to victim Kojo Tsiboe because there was an intervening cause between Marchak's negligence and the injuries Mr. Tsiboe suffered, to wit, Mr. Tsiboe's voluntary act of exposing himself to the risk of the injury he suffered when rescuing Trooper Phillips.

Respondent concedes this claim is preserved for merits consideration in this Court, but asserts we must defer to the decision of the Ohio Fifth District Court of Appeals rejecting this claim on the merits (Return, ECF No. 8, PageID 402-05).

Petitioner replies that the facts underlying the second count of the indictment would have supported a conviction for negligent assault.  He then contends Mr. Tsiboe voluntarily assumed the risks of injury by intervening to rescue Trooper Phillips, thereby breaking the chain of causation and preventing him from being liable for felony assault (Traverse, ECF No. 13, PageID 455-62).

In relevant part the Fifth District Court of Appeals made the following findings of fact and reached the following conclusions of law:

> {¶2} A state trooper with the Ohio Highway Patrol was responding to a report of an intoxicated motorist driving on Interstate 71. The trooper was struck head-on by the intoxicated motorist, appellant, who was driving the wrong way on the highway. The collision caused serious, life-threatening injuries to the trooper. A passing motorist who stopped at the scene suffered serious injuries while extricating the trooper from the burning cruiser. Appellant was intoxicated due to methamphetamine at the time he was driving on the highway. At the time of the incident, appellant's driver's license was suspended.
>
> * * *
>
> {¶5} The trial court held a plea hearing on April 6, 2021. First, the trial court informed appellant of his constitutional rights. Appellant stated he was voluntarily waiving each constitutional right. The trial court confirmed appellant signed the plea agreement. The trial court then went through the signed plea agreement with appellant. Appellant confirmed he understood each portion of the plea agreement and the maximum possible penalties for each count. When the trial court asked appellant if trial counsel's representation was adequate, appellant responded, "very much, sir." At the end of the lengthy and detailed plea colloquy, the trial court asked appellant if he had any questions. Appellant responded, "No, sir. I understand everything. Thank you." The trial court accepted appellant's guilty pleas, and found his pleas were knowingly, voluntarily, and intelligently made.
>
> {¶6} The trial court then went through the facts of the case with appellant. Appellant stated as follows: appellant and his ex-girlfriend were high on methamphetamine; appellant and his ex-girlfriend had an argument, so he stole a vehicle; appellant got on I-71 north; while he was driving, appellant made an illegal U-turn on the highway; appellant could not remember why exactly he made the U-turn, but he knew he was going the wrong way; appellant caused a very serious accident when he crashed into a police car; appellant woke up in the hospital five days after the accident; appellant caused very serious and severe injuries to the officer, and the Good Samaritan, Mr. Tsiboe, as he was injured helping the officer get out of the vehicle; Mr. Tsiboe was injured when he pulled the officer out of the car, saving the officer's life; and the accident and consequences would not have happened if appellant had not

made the decision to drive when he did. Appellant further stated he made horrible choices that night.

- * * *

{¶17} In counsel for appellant's second proposed assignment of error, and in both of appellant's pro se proposed assignments of error, they argue trial counsel was ineffective.

{¶18} Our standard of review for ineffective assistance claims is set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Ohio adopted this standard in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective, i.e., whether counsel's performance fell below an objective standard of reasonable representation and violated any of his or her essential duties to the client. *Id.* If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. *Id.* This requires a showing that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the trial court would have been different. *Id.* However, trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *Id.*

*Pro Se Appellant's Assignment of Error I. & Counsel's Assignment of Error II.*

{¶19} In counsel's second proposed assignment of error and appellant's first proposed assignment of error, they contend trial counsel was ineffective for advising appellant to plead guilty to Count 2, aggravated vehicular assault, as it relates to the "Good Samaritan" victim, Mr. Tsiboe. Appellant contends that while the trooper's injuries were a direct and proximate of appellant's actions, Mr. Tsiboe's injuries were not, as he was injured by a fire that occurred as a result of the accident, not the accident itself. Appellant believes he should have been charged with negligent assault, a third-degree misdemeanor, as it relates to Mr. Tsiboe. According to appellant, "but for trial counsel's deficient performance and bad advice, the outcome would likely have been different and saved appellant years from a prison term because it would have only been a third-degree misdemeanor."

6

{¶20} The general rule is that a defendant's conduct is the proximate cause of injury to another if the defendant's conduct: (1) is a "substantial factor" in bringing about the harm and (2) there is no other rule of law relieving the defendant of liability. *Pang v. Minch*, 53 Ohio St.3d 186, 559 N.E.2d 1313 (1990). There need only be "some reasonable connection" between the act or omission and the damage suffered to prove that the conduct is a substantial factor in bringing about the injury in order to satisfy the requirement of proximate cause. *See R.H. Macy & Co. v. Otis Elevator*, 51 Ohio St.3d 108, 554 N.E.2d 1313 (1990). It is well-established that one may be presumed to intend results which are the natural, reasonable, and probable consequences of his or her voluntary actions. *State v. Farmer*, 156 Ohio St. 214, 102 N.E.2d 11 (1951). Further, "it is not necessary that the accused be in a position to foresee the precise consequence of his conduct, only that the consequence be foreseeable in the sense that what actually transpired was natural and logical in that it was within the scope of the risk created by his conduct." *State v. Wilson*, 5th Dist. Richland No. 13CA9, 2014-Ohio-41.

{¶21} The undisputed facts demonstrate appellant caused serious physical harm to Mr. Tsiboe as a proximate cause of driving while under the influence of methamphetamines. Appellant's actions set in motion a chain of events that proximately resulted in the accident and Mr. Tsiboe's injuries. *State v. Hall,* 2nd Dist. Montgomery No. 19671, 2004-Ohio-663. But for appellant's conduct, the accident would not have occurred, and Mr. Tsiboe would not have been seriously injured while saving the trooper's life. His injuries are a reasonably foreseeable result of appellant's actions. At the plea hearing, appellant admitted the accident and its consequences would not have happened if he had not made the decision to drive when he did.

{¶22} Appellant may not have foreseen the precise injuries the victim would sustain as a result of his actions, but the injuries caused were within the scope of the risk created by his conduct. *State v. Grimes*, 5th Dist. Richland No. 2019CA0103, 2020-Ohio-4357 (injuries caused by victims' escape were within the scope of the risk created by conduct of defendant in ramming their car); *State v. Barron*, 5th Dist. Perry No. 05-CA-4, 2005-Ohio-6108 (finding appellant set in motion a sequence of events by chasing a vehicle, the foreseeable consequence of which should have been known to appellant); *State v. Sess*, 12th Dist. Butler No. CA2015-06-117, 2016-Ohio-5560 (finding "it is of no consequence that appellant did not specifically intend to cause injuries to the officers"). As noted by the Eleventh District, "both the statutory definition of 'operate'

7

and the broader concept of 'operating' employed in prior case law supports the conclusion that a conviction for aggravated vehicular assault may be sustained where the actual operation of the vehicle has ceased, but the harm has not yet occurred, provided that no intervening event breaks the chain of causation." *State v. Miranda*, 11th Dist. Lake No. 2014-L-020, 2014-Ohio-5312. Here, there was no intervening event breaking the chain of causation. Mr. Tsiboe stopped to assist the trooper immediately after the accident, prior to the emergency responders arriving on the scene.

{¶23} Appellant's first proposed assignment of error is overruled.

{¶24} Appellate counsel makes the more general assertion that trial counsel was ineffective for advising appellant to plead guilty to Count 2.

{¶25} Generally, an attorney's advice to take a plea deal is not ineffective assistance of counsel. *State v. Schnarr*, 5th Dist. Licking No. 2018 CA 0035, 2019-Ohio-29. In order to show ineffective assistance of counsel in a plea deal, a defendant must show that the ineffective assistance "precluded a defendant from entering his plea knowingly and voluntarily." *Id.,* quoting *State v. Selvaggio*, 11th Dist. Lake No. 2017-L-128, 2018-Ohio-3532.

{¶26} In reviewing the present issue in an *Anders* context, an appellate court should review the transcript of the plea hearing in light of Criminal Rule 11 and consider whether there are any arguable issues with respect to the knowing, intelligent, and voluntary nature of appellant's guilty plea. Having done so in this case, we find no arguable issues in regard to appellate counsel's sole assignment of error. The record demonstrates the trial court very carefully adhered to Criminal Rule 11, and strictly complied with all of the requirements of Criminal Rule 11. The trial court conducted a complete and thorough colloquy. Appellant acknowledged he understood his rights, the charges, the plea agreement, the maximum penalties, and the specific constitutional rights he was waiving with the plea. The record in this case shows the trial court's compliance with Criminal Rule 11, and supports the trial court's determination that appellant's plea was knowingly, intelligently, and voluntarily made.

{¶27} In this case, the evidence is lacking in the record to determine what trial counsel's advice was, or whether appellant would not have pled guilty but for that advice. Furthermore, even if counsel had advised appellant to accept the plea agreement and plead guilty to Count 2, such advice does not amount to ineffective assistance.

> Counsel is entitled to the strong presumption that entering the guilty plea was sound trial strategy, since, in exchange for the plea, the State agreed to dismiss three counts, and also agreed to reduce the degree of the first two counts from second-degree felonies to third-degree felonies. The record is clear that appellant made an informed decision to avoid the risks of trial and enter a plea. The record is devoid of any indication that appellant's trial counsel was deficient in any way. Appellant was afforded a full Criminal Rule 11 hearing that demonstrated his plea was knowingly, intelligently, and voluntarily made, and his trial counsel successfully negotiated a favorable plea.
>
> {¶28} Appellate counsel's second proposed assignment of error is overruled.

*State v. Marchak, supra.*

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

Here the Fifth District explicitly relied on *Strickland v. Washington, supra,* as well as *State v. Bradley, supra,* the decision in which the Ohio Supreme Court recognized *Strickland* as the governing standard for ineffective assistance of trial counsel claims. As the Fifth District noted, the record does not show what advice counsel gave Marchak about Count Two. Presumably, however, it was to accept the plea bargain that counsel had negotiated. Marchak's argument, then, must be that it was deficient performance to make that recommendation because at trial Marchak could have proven that Mr. Tsiboe's intervening assumption of the risk was in fact the proximate

9

cause of his injuries and not Marchak's own driving under the influence of methamphetamines the wrong way on an interstate highway. But the Fifth District considered this argument and found to the contrary that Marchak's behavior was the proximate cause of Mr. Tsiboe's injuries. Under the Fifth District's analysis, the facts Marchak admitted during the plea colloquy along with proof he was driving under suspension would have been sufficient to prove Count Two as indicted with a more serious penalty. Marchak does not suggest the State would have had a difficult time proving that his license had been suspended. Thus the plea bargain counsel negotiated as well as his advice to Marchak to accept that bargain was not deficient performance, the required first prong of *Strickland* analysis.

Petitioner has failed to show the Fifth District's decision was contrary to or an objectively unreasonable application of *Strickland*. Ground One is without merit and should be dismissed with prejudice on that basis.

**Ground Two:  Ineffective Assistance of Trial Counsel:  Allied Offenses**

In his Second Ground for Relief, Petitioner argues his two convictions for aggravated vehicular assault should have been merged at sentencing because they are allied offenses of similar import under Ohio Revised Code § 2941.25 and that his attorney provided ineffective assistance of trial counsel by not making this argument.

Respondent concedes this claim is preserved for merit review, but argues this Court should defer to the decision to the contrary of the Fifth District (Return of Writ, ECF No. 8, PageID 405-08). Petitioner replied that he committed only one offense which ended up having two victims. He again argued Mr. Tsiboe was only injured because he intervened.

The Fifth District decided this claim on the merits holding:

10

{¶29} In appellant's second proposed assignment of error, he contends his trial counsel was ineffective in failing to raise the issue that the two counts of aggravated vehicular assault were allied offenses of similar import which should have merged for purposes of sentencing. Specifically, appellant contends he was fully incapacitated when the Good Samaritan stopped to assist the trooper and thus, appellant did not commit a separate act, and the offenses must merge because both were committed with the same conduct.

{¶30} In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.2d 892, the Ohio Supreme Court held when considering whether there are allied offenses which merge into a single conviction under R.C. 2941.25(A), both the trial court and the reviewing court on appeal must first take into account the conduct of the defendant. In other words, how are the offenses committed? *Id.* If any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import – in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation. *Id.*

{¶31} Appellant was convicted of two counts of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a). While the same course of conduct is involved in each count of aggravated vehicular assault, there are different victims for each charge, i.e., Trooper Phillips and Mr. Tsiboe. The Ohio Supreme Court has held that, "two or more offenses of dissimilar import exist when the defendant's conduct constitutes offenses involving separate victims or if the harm from each offense is separate and identifiable." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892. It is well-established that "where a defendant commits the same offense against different victims during the same course of conduct, a separate animus exists for each offense." *State v. Gregory*, 90 Ohio App.3d 124, 628 N.E.2d 195 (12th Dist. Butler 1993). There is a dissimilar import towards each victim affected by a singular conduct where the "offense is defined in terms of conduct towards another." *State v. Jones*, 18 Ohio St.3d 116, 480 N.E.2d 408 (1985). In R.C. 2903.08(A)(1), the statute at issue in this case, the offense is defined in terms of conduct towards another, as the statute specifically includes the term "serious physical harm to another person."

{¶32} Where, as here, an offense is defined in terms of conduct towards "another," there is a dissimilar import for each person affected by the conduct. Although appellant may only have driven his vehicle into a single collision, that conduct resulted in serious

11

> physical harm to two individuals. Thus, appellant's convictions for aggravated vehicular assault do not merge. *State v. Smith*, 8th Dist. Cuyahoga No. 104553, 2017-Ohio-537 (if there are separate victims of aggravated vehicular assault, there are not allied offenses of similar import); *State v. O'Neill*, 6th Dist. Wood No. WD-10-029, 2011-Ohio-5688 (appellant's conduct of striking two cyclists with his vehicle while appellant was under the influence of alcohol are offenses of dissimilar import); *State v. Buitrago*, 8th Dist. Cuyahoga No. 93380, 2010-Ohio-1984 (conviction for vehicular assault appropriate for each person injured as a result of a single instance of drunk driving); *State v. Watkins*, 1st Dist. Hamilton No. C-120567, 2013-Ohio-4222 (although appellant may only have driven his vehicle into a single collision, the conduct resulted in harm to two individuals, thus, there was a dissimilar import for each person); *State v. Rich*, 12th Dist. Butler No. CA2014-01-002, 2014-Ohio-4623 (counts of aggravated vehicular assault do not merge when appellant's conduct caused serious physical harm to three victims).
>
> {¶33} Based on the foregoing, we find appellant cannot demonstrate a reasonable probability the trial court would have merged Counts 1 and 2 as allied offenses of similar import had trial counsel raised the issue. Accordingly, appellant's second proposed assignment of error is overruled.

*State v. Marchak, supra.*

As Respondent points out, the question of whether two offenses are allied offenses for purposes of Ohio Revised Code § 2941.25 is a question of Ohio law. The Fifth District's decision establishes that, as a matter of Ohio law, where the same act has separate victims, convictions for the two injuries do not merge. As Petitioner concedes, this is determinative for Double Jeopardy analysis as well. Because a motion to merge these two convictions would have been unsuccessful, it was not deficient performance for trial counsel to fail to make the argument.

Petitioner has failed to show the Fifth District's decision was contrary to or an objectively unreasonable application of *Strickland*. Ground Two is without merit and should be dismissed with prejudice on that basis.

12

**Ground Three:  Plea Rendered Involuntary Because of the Lack of a Factual Basis**

In his Third Ground for Relief, Petitioner argues his guilty plea to aggravated vehicular assault on Mr. Tsiboe is involuntary because there is no adequate factual basis for conviction in that he was not operating his vehicle when Mr. Tsiboe was injured.

Respondent asserts this claim is procedurally defaulted by Marchak's failure to present it to the Supreme Court of Ohio on direct appeal (Return of Writ, ECF No. 8, PageID 408-13). Marchak makes no response to the procedural default argument and continues to assert the factual basis is inadequate under *North Carolina v. Alford*, 400 U.S. 25 (1970).

Before presenting a claim to a habeas court, a petitioner must submit it to a complete cycle of state court decisions, including the state supreme court.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).  Because Marchak did not submit this claim to the Ohio Supreme Court, it procedurally defaulted.

*North Carolina v. Alford*, 400 U.S. 25 (1970), allows acceptance of a guilty plea from a defendant who claims to be innocent if there is a "strong factual basis for the plea."  But as the Fifth District pointed out, there is no indication in the record that Marchak intended to enter an *Alford* plea or made any protestation of innocence.

Marchak's Third Ground for Relief should therefore be dismissed with prejudice.

**Ground Four:  Involuntary Plea Because of Incorrect Charge**

In his Fourth Ground for Relief, Marchak claims his guilty plea is unknowing and involuntary because of intervening cause, to wit, that Mr. Tsiboe was injured by exploding

13

ammunition.

Respondent asserts this claim is procedurally defaulted by Marchak's failure to present it to the Fifth District on direct appeal (Return of Writ, ECF No. 8, PageID 413). Petitioner makes no response to this procedural default argument and it is well taken. Petitioner's Fourth Ground for Relief should be dismissed with prejudice on this basis.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 17, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
