# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MICHAEL MARCHAK, JR.,

       Petitioner,    :    Case No. 2:22-cv-04001

  - vs -                               District Judge Michael H. Watson
                                         Magistrate Judge Michael R. Merz

WARDEN, Richland Correctional
  Institution,

                                :
       Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Michael Marchak, Jr., is before the Court on Petitioner's Objections ("Objections," ECF No. 18) to the Magistrate Judge's Report and Recommendations recommending the Petition be dismissed with prejudice ("Report," ECF No. 15). District Judge Watson has recommitted the case for consideration of the Objections (ECF No. 19).

**Litigation History**

Petitioner was indicted on two counts of aggravated vehicular assault with victims Ohio State Highway Patrol Trooper Phillips and Kojo Tsiboe, a witness who saved Trooper Phillips' life by pulling him from his burning cruiser. Both counts were charged under Ohio Rev. Code §

1

2903.08(A)(1)(a), as felonies of the second degree because Petitioner was asserted to be driving under suspension at the time of the offense.

Marchak was also charged with one count of receiving stolen property because he had stolen the car he was driving at the time of his collision with Phillips' cruiser. He was charged with two counts of OMVI on account of the alcohol and methamphetamine in his system at the time of the collision. Finally, he was charged with two counts of driving under suspension (Indictment, State Court Record, ECF No. 7, Ex. 1).

The collision occurred June 27, 2019. With trial imminent, in April, 2021, Petitioner agreed to plead guilty to two counts of aggravated vehicular assault, reduced to third-degree felonies degree by eliminating the license suspension specification, one count of receiving stolen property, and one count of driving under suspension. All other charges were dismissed and the parties agreed to jointly recommend an aggregate prison term of eight years. The trial court sentenced Petitioner as recommended in the plea agreement, but he appealed. The Fifth District Court of Appeals then affirmed the conviction. *State v. Marchak,* 2022-Ohio-2611 (5th Dist. Jul. 29, 2022), appellate jurisdiction declined, 167 Ohio St.3d 1529 (2022).

On November 4, 2022, Marchak filed his Petition in this case, pleading four grounds for relief (Petition, ECF No. 3). Grounds One and Two assert ineffective assistance of trial counsel; Grounds Three and Four assert the guilty plea was not knowing, intelligent, and voluntary because there was an inadequate factual basis for conviction. The Report recommends dismissing Grounds One and Two on the merits because the Fifth District's decision on these claims is neither contrary to nor an objectively unreasonable application of clearly established federal constitutional law nor based on an unreasonable determination of the facts, as required by 28 U.S.C. § 2254(d)(1) and (d)(2). Respondent raised a procedural default defense to Grounds Three and Four, Marchak made no response, and the Report recommends dismissal on that basis.

Petitioner's Objections are not organized on a claim-by-claim basis.  Instead he argues he should not be held liable for Mr. Tsiboe's injuries because Tsiboe's behavior was an unforeseeable and independent intervening cause of his injuries.  He reasons trial counsel's advice to accept the plea bargain was ineffective assistance because a trial jury could have found in his favor on that argument[1].  He cites various decisions, both from federal and Ohio courts, in support of this conclusion.

## Analysis

Petitioner's argument overlooks the essential nature of a plea bargain.  Plea bargains are contractual in nature, with each side giving up something they would have had going forward to trial.  A pleading defendant always gives up the chance of an acquittal on all counts.  A jury can decide to return a not guilty verdict and regardless of how much that may fly in the face of the evidence, it is not subject to reversal on appeal because of the Double Jeopardy Clause.  In evaluating an attorney's advice to accept a plea and give up the change of acquittal, the question always is how much of a chance of acquittal a defendant had.

To convict Marchak of second degree aggravated vehicular assault, all the State would have had to prove in addition to the facts Marchak admitted, was that he was driving under suspension.  The factual point made in the Report on which Marchak centers his Objections is that this fact would have been easy to prove, a point Petitioner does not deny. Nonetheless the State gave up that possibility on both Counts One and Two.

---

[1] Petitioner did not file a petition for post-conviction relief, so this Court is unaware of any advice he received from counsel which was not in the appellate record.

3

In return, the State got the certainty of a conviction plus relief from the burdens of what would probably have been a multi-day trial. Because Ohio allows agreed sentences, both Petitioner and the State knew the likely outcome.

If Petitioner believes he would have presented a winning case to the jury, the Magistrate Judge believes he is mistaken. A person driving a stolen car under the influence of both meth and alcohol who collides head-on with a state trooper while driving the wrong way on an interstate highway does not immediately evoke empathy. While Petitioner gave up his opportunity to try for an acquittal, the odds of winning were not high.

Petitioner's argument in the Objections in terms of Ohio law is also not persuasive. The Fifth District Court of Appeals considered those Ohio law arguments and rejected them. This Court is bound to accept the state courts' conclusions on state law. *Railey v. Webb*, 540 F.3d 393 (6th Cir. 2008), *quoting Bradshaw v. Richey,* 546 U.S. 74, 76 (2005)("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."), *Maldonado v. Wilson*, 416 F.3d 470 (6th Cir. 2005)*; Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003); *Caldwell v. Russell*, 181 F.3d 731, 735-36 (6th Cir. 1999); *Duffel v. Dutton,* 785 F.2d 131, 133 (6th Cir. 1986).

**Conclusion**

Based on the facts of record, the plea bargain trial counsel negotiated was very fair. In any event Petitioner has not proved the Fifth District's decision on his claims is contrary to or an objectively unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984). The Objections should therefore be overruled and the Petition dismissed with prejudice. Because

4

reasonable jurists would not disagree with this conclusion, the Magistrate Judge reiterates his recommendation that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

November 27, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

                                                                                  s/ *Michael R. Merz*
                                                              United States Magistrate Judge