UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Michael Marchak, Jr.,

    Petitioner,

    v.

Warden, Richland Correctional Institution,

    Respondent.

Case No. 2:22-cv-4001

Judge Michael H. Watson

Magistrate Judge Merz

## OPINION AND ORDER

Michael Marchak, Jr. ("Petitioner") objects to aspects of the Reports and Recommendations ("R&R") issued by the Magistrate Judge in this habeas corpus case. Obj., ECF Nos. 18 & 21. For the following reasons, the Court **OVERRULES** Petitioner's objections and **ADOPTS** both R&Rs.

### I. BACKGROUND

In August 2019, Petitioner was indicted on seven counts arising from a car accident in which Petitioner was a driver. Record, ECF No. 7 at PAGEID # 48–52, 77–78. Later, Petitioner pleaded guilty to two counts of aggravated vehicular assault, one count of receiving stolen property, and one count of driving under suspension. *Id*. at PAGEID # 58–70. On the parties' joint recommendation, the state trial court sentenced Petitioner to an aggregate sentence of eight years' imprisonment. *Id*. at PAGEID # 58–70, 77–85.

Petitioner appealed. *Id.* at PAGEID # 87–97. On appeal, appellate counsel filed an *Anders* brief, and Petitioner filed a supplemental pro se appellate brief. *Id.* at PAGEID # 99–122, 129–45. The state appellate court affirmed the trial court's judgment. *State v. Marchak*, No. 2021CA0010, 2022 WL 3011007 (Ohio Ct. App., July 29, 2022). Petitioner sought review by the Supreme Court of Ohio, but that court declined to exercise jurisdiction over his appeal. Record, ECF No. 7 at PAGEID # 198–238.

Petitioner then filed this habeas petition. Pet., ECF No. 3. Therein, he raises four grounds for relief: two grounds are based on alleged ineffective assistance of trial counsel ("Ground One" and "Ground Two"), and two grounds are based on the alleged invalidity of Petitioner's guilty plea ("Ground Three" and "Ground Four").

## II.  REPORT AND RECOMMENDATION

Pursuant to the Court's General Orders, Magistrate Judge Merz issued an R&R on Petitioner's Petition. R&R, ECF No. 15. The R&R recommends dismissing the Petition because Grounds One and Two lack merit and because Grounds Three and Four are procedurally defaulted or, alternatively, fail on the merits. *Id.* Petitioner timely objected to various portions of the R&R, ECF No. 18, and the Court recommitted the matter to the Magistrate Judge for further consideration, ECF No. 19. The Magistrate Judge then issued a Supplemental

R&R, which again recommends dismissing the Petition. Supp. R&R, ECF No. 20. Petitioner has timely objected to the Supplemental R&R. ECF No. 21.

### III. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), the Court determines de novo those portions of the R&R that were properly objected to.

### IV. ANALYSIS

To begin, Petitioner does not object to the portions of the R&R addressing Grounds Two, Three, or Four.[1] Obj., ECF No. 18; Supp. Obj., ECF No. 21. Thus, the Court **ADOPTS** those portions of the R&R and **DISMISSES** Grounds Two, Three and Four. *See Cole v. Warden of Seneca Cnty. Jail*, No. 3:17-CV-155, 2017 WL 4182299, at *1 (N.D. Ohio Sept. 21, 2017) ("The Federal Magistrates Act requires a district court to conduct a de novo review only of those portions of a Report and Recommendation to which the parties have made an objection." (citing 28 U.S.C. § 636(b)(1))).

As to Ground One, Petition argues that his trial counsel was constitutionally ineffective because he advised Petitioner to plead guilty and because he did not argue that, because of an intervening cause, Petitioner's second aggravated vehicular assault charge should have been only negligent

---

[1] In Petitioner's objections, he appears to raise a new ground for relief: that his conviction was not supported by sufficient evidence. Because Petitioner did not include this ground for relief in his Petition, the Court will not address it. *See Merrick v. Forshey*, No. 22-3327, 2022 WL 10356852, at *2 (6th Cir. Aug. 22, 2022) ("[T]he only issues properly before this court are those included in [the petitioner's] § 2254 petition.").

assault. Pet., ECF No. 3. Petitioner's objections focus on only the "intervening cause" theory. Obj., ECF No. 18; Supp. Obj., ECF No. 21.

Habeas claims of ineffective assistance of counsel are governed by the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under that test, a petitioner must establish that (1) counsel's performance was objectively deficient, and (2) the deficient performance prejudiced the petitioner's defense. *Id*. at 687.

As for the first prong of the *Strickland* test, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. For courts examining this prong, the Supreme Court of the United States has instructed as follows:

> Judicial scrutiny of counsel's performance must be highly deferential . . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Id*. at 689 (internal quotation marks and citations omitted).

The prejudice prong of *Strickland* requires proof that, but for counsel's deficient performance, there is a reasonable probability that "the result of the proceeding would have been different." *Id*. at 694.

On top of demonstrating deficient performance and prejudice, a habeas petitioner must establish that the state court's decision on the ineffective assistance of counsel claim was "contrary to, or involved an unreasonable application of" the *Strickland* standard. 28 U.S.C. § 2254(d).

As outlined in the R&Rs, the state appellate court cited to *Strickland* and other relevant cases and considered Petitioner's arguments under that framework. *Marchak*, 2022 WL 3011007, at *3–6. The state appellate court determined that Petitioner's intervening cause argument lacked merit because the "injuries caused were within the scope of the risk created by [Petitioner's] conduct" and, therefore, "there was no intervening event breaking the chain of causation." *Id.* at *4. Because the intervening cause argument lacked merit, trial counsel was not ineffective for declining to make it. *Id.* at *3–4. The state appellate court further concluded that trial counsel was not ineffective for advising Petitioner to plead guilty because of the benefits the plea afforded Petitioner and because the record established that Petitioner "made an informed decision to avoid the risks of trial and enter a plea." *Id.* at *5. Finally, the state appellate court concluded that, under Ohio law, Petitioner's aggravated vehicular assault charges could not merge for sentencing because each charge had a different victim. *Id.* at *5–6. Because Ohio law would not support merging the counts, trial counsel was not ineffective for not arguing for merger. *Id.*

The state appellate court's decision was not contrary to or an unreasonable application of clearly established law. Petitioner's objections, which focus on only his "intervening cause" theory and rely on Ohio *civil* cases discussing *tort* law, fall far short of establishing that his theories would have been accepted by the state trial court. Thus, Petitioner does not demonstrate why his counsel's alleged deficiencies were so prejudicial that without it, there is a reasonable probability that the outcome would have been different. That is wholly insufficient to establish ineffective assistance of counsel, much less establish that the state appellate court's decision rejecting Petitioner's claim contravened or unreasonably applied clearly established federal law.

In sum, Ground One lacks merit.

## V.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists would find the district court's assessment of the constitutional claims debatable

or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).

When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

The Court is not persuaded that reasonable jurists would debate the dismissal of this action. The Court therefore **DECLINES** to issue a certificate of appealability.

## VI. CONCLUSION

For these reasons, Petitioner's objections are **OVERRULED**. Both R&Rs are **ADOPTED**. The Clerk shall terminate all pending motions, enter judgment for Respondent, and close the case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**